**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **LARRY HAYNES,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DC WATER IS LIFE,** )<br>)<br>Defendant. )<br>) | Civil Action No. 1:16-cv-02086-CKK |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT, OR IN THE <u>ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT</u>**

Comes now, Plaintiff Larry Haynes, by and through counsel, and files this Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, or in the Alternative, Motion for a More Definite Statement, and in support thereof states as follows.

**INTRODUCTION**

Defendant the District of Columbia Water and Sewer Authority ("DC Water") filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, or in the Alternative, Motion for a More Definite Statement. In its motion, DC Water argues that Plaintiff's Complaint, which he filed *pro se*, fails to identify a statutory basis for the Court's jurisdiction, does not identify the damages he seeks, does not include any well-pled allegations, and fails to establish subject matter jurisdiction because he does not show that he has exhausted his administrative remedies. Plaintiff was *pro se* at the time he filed his Complaint and has since obtained representation and filed a motion to amend his complaint to include a more detailed statement of the facts alleged and the claims he is asserting in this suit.

1

**FACTUAL ALLEGATIONS**

Mr. Larry Haynes is a fifty-five year old African-American electrician who worked for DC Water and its predecessor for twenty-seven years as an Electrical Equipment Repair/CDL. Ex. 1 (Charge of Discrimination). In a September 2, 2014 agreement, DC Water ordered all incumbent electricians with an Apprentice Electrician license to obtain this license by March 31, 2015. Ex. 2 (Union Agreement) ¶ 4. However, other units were allowed eighteen months from September 2, 2014 to obtain their license. *Id.* ¶ 3. Mr. Haynes needed accommodation to obtain his license but was denied any accommodation. Ex. 3 (Personnel Action Report). Mr. Haynes was not given the time and education offered to the other electricians. Ex. 2; 3.

DC Water removed Mr. Haynes from his position as an electrician on April 1, 2015 and officially terminated him on May 31, 2015. Ex. 3 Mr. Haynes received no benefits or severance package from the termination. *Id.* In addition, DC Water's Personal Action Report specifically noted that Mr. Haynes was not entitled to be rehired. *Id.* On March 13, 2015, Dr. Emmanuel Olarinde, Mr. Haynes' licensed clinical psychologist, issued a medical statement confirming that Mr. Haynes was dyslexic until May 13, 2015. Ex. 4 (Medical Reports). He received additional evaluations and obtained a second report from Dr. Olarinde on September 13, 2015. *Id.*

In Dr. Orlarinde's report, he confirmed that Mr. Haynes was dyslexic. Ex. 4. He stated that Mr. Haynes had "met the criteria for specific learning disability in reading and understanding English language…." *Id.* at 16. Mr. Olarinde explained that Mr. Haynes had a "relative weakness in decoding words as compared to reading words in isolation may indicate that Larry [Haynes] has difficulty applying phonetic rules for decoding words but may not have learned vocabulary words to automaticity." *Id.* Mr. Olarinde concluded that Mr. Haynes had "serious difficulties in reading and understanding English language…." Ex. 4 at 18.

On May 26, 2015, Mr. Hayes went to the Washington Field Office of the Equal Employment Opportunity Commission (EEOC) and filed a charge for discrimination and an intake report. Ex. 1. On the same day, he signed an Agreement to Mediate his discrimination charges with DC Water. Ex. 5 (Agreement to Mediate). Mr. Haynes was issued a Notice of Right to Sue on May 27, 2015. Ex. 6 (Notice of Right to Sue). Mr. Haynes filed a lawsuit against DC Water *pro se* on September 29, 2016. Ex. 7 (Initial Compl.)

## ARGUMENT

**I.  Plaintiff provided a more definite statement of the facts, claims, and relief sought in his Amended Complaint.**

Plaintiff filed a Motion for Leave to File Amended Complaint accompanied by his Amended Complaint on January 9, 2017. Pl.'s Amend. Compl. This amended complaint further details the facts, claims, and relief that Plaintiff seeks. *Id.* This complaint meets the Rule 8 requirement for a short and plain statement upon which relief can be granted. Fed. R. Civ. P. 8(a).

The circumstances surrounding Plaintiff's termination and his treatment compared to other colleagues are explained in greater detail in his Amended Complaint. Pl.'s Amend. Compl. ¶ 6-13. In addition, Plaintiff adequately pled six different claims based on the factual allegations and established the basis for the Court's jurisdiction over these claims. *Id.* ¶ 1-3, 14-36. Lastly, Plaintiff listed his prayer for relief based on the legal allegations. *Id.* ¶ 37. This complaint is sufficient to provide Defendant legal basis and factual allegations to defend against Plaintiff's claims. *See* Fed. R. Civ. P. 12(e).

**II.  Administrative exhaustion is not a bar to this Court's jurisdiction.**

DC Water also argues that Plaintiff has failed to establish that the Court has subject matter jurisdiction over this case because Plaintiff did not show that he exhausted his

3

administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission and that he received a notice of right to sue and timely filed suit in court.  However, exhaustion of administrative remedies is not a jurisdictional prerequisite to Plaintiff's claims of discrimination under the ADA, Title VII, and Section 1981; rather, it is a condition precedent similar to a statute of limitations that is subject to the doctrines of waiver, estoppel, and equitable tolling.  *Dahlman v. Am. Ass'n of Retired Persons (AARP)*, 791 F.Supp.2d 68, 76 (D.D.C., 2011) ("The D.C. Circuit has made clear that 'Title VII's exhaustion requirements are not jurisdictional.'") (*quoting Artis v. Bernanke*, 630 F.3d 1031, 1034 n. 4 (D.C. Cir. 2011)); *Porter v. Jackson*, 668 F.Supp.2d 222, 230 n. 6 (D.D.C. 2009) ("Exhaustion is not a jurisdictional requirement for Title VII claims."); *Kennedy v. Whitehurst*, 690 F.2d 951, 961 (D.C.Cir. 1982) (in ADEA context "exhaustion requirement is not jurisdictional in nature but rather [is] a statutory condition precedent to the instigation of litigation and [is] therefore subject to waiver, estoppel, and equitable tolling."); *Gibson v. West Sec. Dept. of Veterans Affairs*, 201 F.3d 990 (7th Cir., 2000) (explaining that the Supreme Court held in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), "that with respect to a Title VII claim against a public employer, the timely filing of a lawsuit is not a jurisdictional requirement but . . . is a precondition, like a statute of limitations, that is subject to equitable tolling", waiver, and estoppel.); *Francis v. City of N.Y.*, 235 F.3d 763, 767–68 (2d Cir. 2000) (holding that "the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement," thus making the failure to exhaust subject to equitable defenses.).  Thus, Defendant's assertion that Plaintiff has failed to establish subject matter jurisdiction by not showing that he exhausted his administrative remedies is incorrect since administrative exhaustion is not a jurisdictional perquisite.  Defendant has failed to show

that there is no subject matter jurisdiction over Plaintiff's claims. In addition, Plaintiff has filed an amended complaint establishing that he exhausted his administrative remedies. Pl.'s Amend. Compl. ¶ 2.

Defendant makes the patently false assertion that Mr. Haynes did not exhaust his administrative remedies because he did not file a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") or the District of Columbia Office of Human Rights ("DCOHR"), and Defendant denies any knowledge of Plaintiff's administrative complaint. Def. Br. 6. However, Mr. Haynes filed a charge of discrimination with the EEOC on May 26, 2015. Ex. 2. He requested mediation with Defendant, and Defendant therefore received notice of his EEOC charge. *See* Ex. 5. In addition, Mr. Haynes received Notice of Right to Sue from the EEOC on May 27, 2015, which was also sent to DC Water. Ex. 6.

### III. Plaintiff's claims are not barred by the applicable statutes of limitations.

All Mr. Haynes' claims of discrimination under the DCHRA are timely because the statute of limitations was tolled when he filed an administrative complaint with the EEOC, which was cross-filed with the DCOHR. *See Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 78 (D.D.C. 2009); *Ivey v. District of Columbia*, 949 A.2d 607, 615 (D.C. 2008); *Slate v. Public Defender Serv.*, 31 F.Supp.3d 305 (D.C.C. 2014); *Hammel v. Marsh USA, Inc.*, 79 F.Supp.3d 234. The EEOC has a work-sharing agreement with the DCOHR. 29 C.F.R. § 1626.10. Under this agreement, Mr. Haynes was not required to file with both the EEOC and DCOHR. *Ivey,* 949 A.2d at 615; *Slate*, 31 F.Supp.3d at 305. Instead, "a charge of discrimination filed with the EEOC in the District of Columbia is deemed cross-filed with the DCOHR." *Slate*, 31 F.Supp.3d at 305 (citing *Schuler v. PricewaterhouseCoopers, LLP,* 514 F.3d 1365, 1372 (D.C. Cir. 2008)).

The statute of limitations for Plaintiff's DCHRA claims was tolled when Mr. Haynes filed a complaint with the EEOC, and his DCHRA claims are therefore timely.

Defendant argues that Mr. Haynes' federal claims must be dismissed because he did not show that he filed a timely complaint with the EEOC and did not state in his complaint that he filed an administrative complaint within 300 days of his termination. Def. Br. 7. DC Water removed Mr. Haynes from his position as an electrician on April 1, 2015 and terminated him on May 31, 2015, Ex. 3, and Mr. Haynes filed an EEOC complaint on May 26, 2015. All Mr. Haynes' allegations occurring on or after July 30, 2014 or 300 days before he filed an EEOC complaint on May 26, 2015 are timely.

Finally, Plaintiff timely filed suit upon receipt of a notice of right to sue when the deadline is tolled due to Mr. Haynes' disability. In the District of Columbia, a person who is non compos mentis at the time a cause of action arises is permitted to file the action after the disability is removed. D.C. Code § 12-302. Another court determined that a learning disability in certain circumstances can establish non compos mentis. *Roe v. Gelineau*, 794 A.2d 476, 487 (R.I. 2002). As evidence of plaintiff's disability, "a doctor's diagnosis would have strengthened [the] claim." *Smith-Haynie v. District of Columbia*, 155 F.3d 575 (D.C. Cir. 1998) (citing *Nunnally v MacCausland*, 996 F.2d 1, 5-6). Here, Mr. Haynes was disabled at the time the EEOC issued the Right to Sue letter, and Dr. Emmanuel Olarinde, Mr. Haynes' licensed clinical neuropsychologist, indicated that Mr. Haynes "met the criteria for specific learning disability in reading and understanding English language…." Ex. 4 at 16. Mr. Olarinde explained that Mr. Haynes had a "relative weakness in decoding words as compared to reading words in isolation may indicate that Larry [Haynes] has difficulty applying phonetic rules for decoding words but

6

may not have learned vocabulary words to automaticity." *Id.* Mr. Olarinde concluded that Mr. Haynes had "serious difficulties in reading and understanding English language…." Ex. 4 at 18.

## CONCLUSION

For the reasons set forth above, Plaintiff Larry Haynes respectfully requests the Court deny Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, or in the Alternative, Motion for a More Definite Statement.


Date:   January 9, 2017                                          Respectfully submitted,


                                                        /s/
David A. Branch, Bar # 438764
Law Office of David A. Branch &
Associates, PLLC
1828 L Street, NW, Suite 820
Washington, D.C. 20036
202.785.2805 phone
202.785.0289 fax
davidbranch@dbranchlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January 2017 a copy of the foregoing Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, or in the Alternative, Motion for a More Definite Statement was served electronically on counsel for Defendant:

Alison N. Davis
Meredith L. Schramm-Strosser
LITTLER MENDELSON, PC
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Telephone: 202.842.3400
Facsimile: 202.842.0011
andavis@littler.com
mschrammstrosser@littler.com

                              _____/s/_____
                              David A. Branch